**In re The BIBLE SPEAKS, Debtor.**

**Bankruptcy No. 86–40392–JFQ.**

United States Bankruptcy Court,
D. Massachusetts.

Dec. 18, 1986.

See also, Bkrtcy., 67 B.R. 426.

Charles W. Morse, Jr., Sullivan & Worcester, Boston, Mass., for The Bible Speaks.

Philip J. Hendel, Hendel, Collins, Stocks & Newton, P.C., Springfield, Mass., for Official Unsecured Creditors' Committee.

ORDER ON DEBTOR'S MOTION THAT
COURT APPOINT A COMMITTEE
OF STATUTORY LIEN CREDITORS

JAMES F. QUEENAN, JR., Bankruptcy Judge.

The Debtor moves that the Court order the appointment of a committee of statutory lien creditors consisting of the Town of Lenox and certain creditors having "potential liens" under MASS.GEN.L. ch. 254 pertaining to liens upon real estate for the furnishing of labor or materials in the erection or alteration of a building. The motion is opposed by the United States Trustee and by the official committee of creditors holding unsecured claims.

On request of a party in interest, the Court may order the appointment of committees of equity security holders or creditors, additional to a committee of creditors holding unsecured claims, if such appointment is "necessary to assure adequate representation of creditors or of equity security holders." 11 U.S.C. § 151102. A committee of six creditors holding unsecured claims has been appointed by the United States Trustee. Two of its members are creditors holding the two largest claims of those creditors who have "potential liens" under MASS.GEN.L. ch. 254, § 1 or § 5. Neither of these two creditors has asserted any lien status, nor have any other creditors who may be holding "potential liens" under the statute.

■ The Debtor listed a number of creditors as secured creditors under the Massachusetts statute in the schedules which it filed with the Court. Debtor's counsel states that he believes the creditors to be secured, and expresses a desire that they have adequate representation. He expressly refrains, however, from furnishing any legal support for this position because the expenditure of time and effort in doing so would be contrary to his obligations owed to the Debtor. The Debtor is a party in interest having standing to make the present request. 11 U.S.C. § 1109. Nevertheless, the necessity for the appointment of the requested committee is significantly undercut by the fact that none of the imputed lien creditors are even claiming secured status, much less supporting the Debtor's motion.

■ The questionable secured status of these creditors also militates against the necessity for the appointment of such a committee. The ultimate resolution of their lien status is not now before the Court (and apparently will never be), so that the Court does not now purport to adjudicate the individual rights of any such creditors. Nevertheless, their apparent position as either secured or unsecured creditors is germane to the present question. It appears unlikely that these creditors are secured under MASS.GEN.L. ch. 254. Section 1 of the statute gives a lien to persons who have performed labor on a building, with stated limitations. The lien is dissolved, however, unless the claimant records a statement in the local registry of deeds within 40 days of having performed the work for which claim is made. Although the recording of such a statement after the Chapter 11 filing in this case would appear not to be prohibited by the automatic stay, see 11 U.S.C. § 362(b)(3), no such statement was recorded during the 40 day period. Thus any such claimants have not taken advantage of the grace period for perfection which is apparently afforded them by 11 U.S.C. § 546(b).

Other sections of MASS.GEN.L. ch. 254 give liens to persons who supply labor or materials under a written contract if notice of the contract is recorded in the local registry of deeds. MASS.GEN.L. ch. 254, §§ 2, 4. These liens appear to come into existence only at the time of such recording. No such recording was made prior to the Chapter 11 filing. Any attempt to make a recording thereafter would be barred by the automatic stay, without benefit of the exceptions contained in § 362(b)(3) and without any apparent cause favorable to terminating the stay. Moreover, even if recording was permitted, we are directed to no authority which would make the rights of any claimants recording notices after the Chapter 11 filing superior to the rights of the Debtor, who can exercise the avoidance powers of a trustee in bankruptcy. Thus these claimants would appear not to be covered at all by the grace period granted in 11 U.S.C. § 546(b), so that they would be subject to the superior rights of the Debtor under the so-called "strong arm" clause contained in 11 U.S.C. § 544(a).

The creation of the requested committee may well result in two of the imputed lien claimants leaving the unsecured creditors committee to join the new committee. The present unsecured creditors committee was formed by the United States Trustee only after a great deal of difficulty. A reconstitution of that committee, together with the

74

formation of an entirely new committee, would likely involve efforts on the part of the United States Trustee which are entirely uncommensurate with any benefit to be gained.

The Debtor also requests the Town of Lenox be on a statutory lien creditor committee. The Town does apparently have a valid lien for unpaid water and sewer charges under MASS.GEN.L. ch. 83, §§ 16A, 16B. A committee consisting of one lien creditor is obviously an absurdity, nor does it seem likely that the Debtor's motion seeks this relief.

For the foregoing reasons, the motion is denied.

SO ORDERED.